United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

**DEANDRE CALHOUN,**

        Plaintiff,

    v.

**CITY OF SAN LEANDRO, ET AL.,**

        Defendants.

Case No.  15-cv-03600-YGR

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS PLAINTIFF'S COMPLAINT, WITH LEAVE TO AMEND**

Re: Dkt. No. 6

Plaintiff Deandre Calhoun ("Calhoun") filed his action for: (1) violation of his Fourth and Fourteenth Amendment rights[1] under 42 U.S.C. section 1983; (2) violation of civil rights under California Civil Code section 52.1 ("the Bane Act"); and (3) false arrest in the Alameda County Superior Court on June 11, 2015.  Defendant City of San Leandro ("the City") filed its Notice of Removal of the action to this Court on August 6, 2015.  (Dkt. No. 1.)

The City has now filed its Motion to Dismiss Plaintiff's Complaint and Motion to Strike Punitive Damages Claim Against the City pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure on the grounds that plaintiff's complaint fails to allege facts sufficient to state claims upon which relief can be granted.  (Dkt. No. 6.)

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **GRANTS IN PART AND DENIES IN PART** the Motion to Dismiss, with leave to amend as stated herein.[2]  While Calhoun alleges facts to support a section 1983 claim for violation of the Fourth Amendment rights against unreasonable search and seizure, he has failed to allege basis for municipal liability against the City on that claim.  He also

---

[1] Plaintiff concedes that his alleged claim for Fifth Amendment violation is not sufficiently pleaded and does not seek leave to amend.  (*See* Oppo., Dkt. No. 7, at 5:4-5.)  He likewise concedes that his prayer for punitive damages was improper.  (*Id.* at 11:12-13.)  The Court therefore **ORDERS** those portions of the complaint are **DISMISSED**.

[2] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument.  Accordingly, the Court **VACATES** the hearing set for **September 29, 2015.**

failed to allege a viable basis for a section 1983 claim based upon a violation of the Fourteenth Amendment.  Likewise, while he has alleged facts to establish the elements of his Bane Act and false arrest claims, he has not alleged a cognizable basis for direct liability against the City, and has not alleged with sufficient clarity facts to support the City's vicarious liability based upon the conduct of the police officers currently identified as "Does."

## I.   SUMMARY OF ALLEGATIONS

Calhoun alleges that, on January 20, 2015, he was driving a car in San Leandro and was struck by another motorist, causing damage to the vehicle he was driving.  (Complaint ¶ 7.)  After the accident, he and the other driver lawfully parked their vehicles on a residential street, and set about exchanging identification and insurance information, but did not call the police.  (*Id.* at ¶ 8.)  As Calhoun and the other driver were exchanging information, a City of San Leandro police officer appeared on a motorcycle and approached Calhoun, who explained that there had been an accident and he was exchanging information with the other driver.  (*Id.* at ¶ 9.)  Shortly thereafter, two other officers arrived and, without further comment or request for Calhoun's identification, declared that Calhoun was actually "Brian Jenkins."  (*Id.*)  The officers detained and handcuffed Calhoun.  (*Id.*)  Calhoun thereafter produced identification from his pocket, while still handcuffed, and gave it to the officers.  (*Id.* at ¶ 10.)  Despite Calhoun's explanation that he was not "Brian Jenkins," and even though the officers had no warrant or authorization from Calhoun, the officers conducted a search of Calhoun's car, and "snapped every cigarette in a pack of cigarettes they found in the car."  (*Id.* at ¶ 11.)  After about thirty minutes, the police officers determined that plaintiff was Deandre Calhoun, at which point he was released from handcuffs.  (*Id.* at ¶ 12.)

Based on these factual allegations, Calhoun asserts three causes of action against "all Defendants," identified as: (*i*) the City of San Leandro; (*ii*) the City of San Leandro Police Department;[3] (*iii*) Does 1 to 10, who are officers and/or employees thereof; and (*iv*) Does 11 to 30. (Complaint ¶¶ 9-12.)

---

[3] A police department is a municipal department that is not a separate "person" capable of being sued.  *See Vance v. County of Santa Clara*, 928 F. Supp 993, 996 (N.D. Cal. 1996) (under section 1983, the term "persons" does not encompass municipal departments).

United States District Court
Northern District of California

United States District Court
Northern District of California

## II.   APPLICABLE STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock, Inc.,* 349 F.3d 1191, 1199–1200 (9th Cir. 2003). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't* 901 F.2d 696, 699 (9th Cir. 1990). All allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Johnson v. Lucent Techs., Inc.,* 653 F.3d 1000, 1010 (9th Cir. 2011). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 557 (2007)). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678. While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles,* 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.,* 536 F.3d 1049, 1055 (9th Cir. 2008).

## III.   DISCUSSION

### A.   First Claim for Relief Under Section 1983

To state a claim under section 1983, a complaint must allege that a person acting under color of state law committed the conduct at issue and such conduct deprived the plaintiff of a right, privilege, or immunity protected by the Constitution or laws of the United States. *Leer v. Murphy*, 844 F.2d 628, 632-633 (9th Cir. 1988). "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver,* 510 U.S. 266, 271 (1994). "The first step in any such claim is to identify the specific

United States District Court
Northern District of California

constitutional right allegedly infringed." *Id.* Further, "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (9th Cir. 1996); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Calhoun asserts this claim against "all defendants" based upon the Fourth, Fifth, and Fourteenth Amendments.

### 1.   *Claim Against Municipal Entity*

The City argues that Calhoun has failed to allege a claim against it as a municipal entity, which cannot be held vicariously liable for the acts of its employees. Calhoun opposes, arguing that municipal entities can be liable where the action alleged to be unconstitutional is done pursuant to a governmental policy or custom under *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 691 (1978).

As a general statement, Calhoun's argument is correct. Under 42 U.S.C. section 1983, a public entity "cannot be held liable solely because it employs a tortfeasor." *Monell v Dep't of Social Services*, 436 U.S. 658, 691 (1978). Instead, a claim for section 1983 liability against a municipality under *Monell* may be stated in one of three circumstances: (1) when official policies or established customs inflict a constitutional injury; (2) when omissions or failures to act amount to a local government policy of "deliberate indifference" to constitutional rights; or (3) when a local government official with final policy-making authority ratifies a subordinate's unconstitutional conduct. *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1249-50 (9th Cir. 2010) (synthesizing authorities) *see also AE ex rel. Hernandez v. County of Tulare,* 666 F.3d 631, 640 (9th Cir. 2012) (holding that "plausible facts supporting a policy or custom...could cure[] the deficiency in [a] *Monell* claim.")

The Court finds Calhoun has not alleged facts to fit within any of these permissible bases for municipal liability. Instead, Calhoun merely alleged that:

> In committing the acts complained of herein, each Defendant acted as the authorized agent, employee, and/or representative of each other Defendant. Each act of each Defendants [*sic*] complained of herein was committed within the scope of said agency, employment, or other representation, and each act was

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ratified by each other Defendant.

(Complaint ¶ 5.)  Further, while the complaint recites the word "ratified," it does not state facts to support a determination that an official with final policy-making authority ratified the alleged unconstitutional conduct.  Consequently, the allegations are insufficient to state a basis for municipal liability under *Monell*.

This failure alone is sufficient reason to dismiss the section 1983 claim.  The motion to dismiss the section 1983 claim against the City is **GRANTED WITH LEAVE TO AMEND**.  However, because Calhoun is given leave to amend, the Court turns to the merits of the City's additional arguments.

> 2.    *Fourth Amendment Violation*

The City next argues that Calhoun has not alleged facts sufficient to establish a Fourth Amendment basis for his section 1983 claim.  The Fourth Amendment protects against unreasonable searches and seizures.  *County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1997), *Graham v. Connor,* 490 U.S. 386, 394 (1989).  To determine whether an officer's search or seizure was reasonable under the Fourth Amendment, the court must look to the totality of the circumstances.  *Graham*, 490 U.S. at 396.  The City argues that Calhoun has not alleged facts indicating that any force was used against him, or that the search of his vehicle was unreasonable. The City's argument does not address the sufficiency of Calhoun's allegations of a seizure or deprivation of his freedom of movement.

A seizure is "a governmental termination of freedom of movement through means intentionally applied."  *Brower v. County of Inyo*, 489 U.S. 593, 596–97 (1989).  Calhoun does allege a seizure in that he was detained, handcuffed, and made to sit on the sidewalk by the police officers.  (Complaint ¶¶ 9, 16.)  He also alleges that his person, his vehicle, and his possessions were thoroughly searched by the Doe officers "illegally and without authorization or warrant." (*Id.*, ¶ 16.)  The Court cannot determine, based on the allegations of the complaint, that the search and seizure alleged here were reasonable as a matter of law.  Thus, the Court does not agree that Calhoun's allegations are insufficient to state a Fourth Amendment violation, although the complaint lacks clarity in stating which officers Calhoun alleges committed the acts alleged.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### 3.      Fourteenth Amendment Violation

The City argues that Calhoun does not state a section 1983 claim under the Fourteenth Amendment because the nature of the rights Calhoun claims were infringed is completely covered by the Fourth Amendment, and therefore his claim is limited to the Fourth Amendment basis. Calhoun alleges Fourteenth Amendment guarantees in conjunction with both his Fifth Amendment due process allegations and his Fourth Amendment right to be free from excessive and unreasonable force.  (Complaint ¶¶ 15(b), (c).)  The City argues that, because the Fourth Amendment provides an explicit textual source of protection against the unlawful searches and seizures alleged (and the Fifth Amendment basis has been dropped), all of Calhoun's claims arise under the Fourth Amendment *only*, not the more generalized due process protections of the Fourteenth Amendment.

Though "a number of the procedural protections contained in the Bill of Rights were made applicable to the States by the Fourteenth Amendment…[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior," the section 1983 claim must be brought and analyzed under that more specific provision. *Albright v. Oliver*, 510 U.S. 266, 272-73 (1994) (quoting *Graham*, 490 U.S. at 395).)  Calhoun has conceded that his Fifth Amendment claim should be dismissed.  He does not allege facts regarding any use of excessive force, but only alleges facts regarding unlawful searches and seizures.  Calhoun nevertheless contends that his separate Fourteenth Amendment due process clause basis for the section 1983 claim is viable, citing *Graham, supra,* and *Bell v. Wolfish,* 441 U.S. 520, 559 (1979).

The kind of claim carved out by the Supreme Court in *Graham* (and *Wolfish*) as falling under the Due Process Clause of the Fourteenth Amendment, rather than the Fourth Amendment—a claim of use of excessive physical force as a form of punishment in the context of pretrial detention—is not alleged here.  *Graham*, 490 U.S. at 395 n. 10 ("Our cases have not resolved the question whether the Fourth Amendment continues to provide individuals with protection against the deliberate use of excessive physical force beyond the point at which arrest ends and pretrial detention begins, and we do not attempt to answer that question today.  It is clear,

6

however, that the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment.") (citing *Bell v. Wolfish,* 441 U.S. 520 at 535–539).

Calhoun has not alleged a basis for a claim that any of the conduct here took place when he was subjected to a pretrial detention.  *See Bell,* 441 U.S. at 536-37 (internal citations omitted) (pretrial detention is a "judicial determination of probable cause as a prerequisite to [the] extended restraint of [his] liberty following arrest...to ensure his presence at trial.").  The nature of the deprivations alleged does not extend beyond unreasonable searches and seizures covered by the Fourth Amendment.  The motion to dismiss the section 1983 claim on these grounds is **GRANTED WITH LEAVE TO AMEND** to allow Calhoun to allege, to the extent he is able, a distinct basis for a Fourteenth Amendment violation.

### B.    Second Claim for Relief Under the Bane Act

The Bane Act, California Civil Code section 52.1, provides relief to an individual whose exercise or enjoyment of rights secured by the federal or state Constitution, or under federal or state law, has been interfered with by means of threats, intimidation, or coercion.  A claim for excessive force in violation of the Fourth Amendment establishes all the elements of a claim under section 52.1.  *See Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105 (9th Cir.) *cert. denied sub nom. City of Los Angeles, Cal. v. Chaudhry*, 135 S.Ct. 295 (2014) ("a successful claim for excessive force under the Fourth Amendment provides the basis for a successful claim under § 52.1"); *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013) ("Cameron asserts no California right different from the rights guaranteed under the Fourth Amendment, so the elements of the excessive force claim under § 52.1 are the same as under § 1983").  However, a claim for wrongful arrest or detention, though it inherently involves a certain amount of coercion, does not establish "force, intimidation, or coercion" for purposes of section 52.1 without more.  *Shoyoye v. Cnty. of Los Angeles*, 203 Cal.App.4th 947, 960 (2012) (internal citation omitted).  As the Ninth Circuit recently noted, "there is limited Bane Act precedent defining what constitutes 'coercion' independent from that which is inherent in a wrongful arrest, but [*Shoyoye*] indicates that such conduct must be 'intentionally coercive and wrongful, *i.e.*, a knowing and blameworthy interference with the plaintiffs' constitutional rights.'"  *Gant v. Cnty. of Los Angeles*, 772 F.3d

608, 624 (9th Cir. 2014).

Here, Calhoun alleges that the Doe officers continued to detain him in handcuffs, and proceeded with a search of his car, despite his presentation of valid identification showing that he was not "Brian Jenkins."  (Complaint ¶¶ 10, 11.)[4]  He alleges that these acts deprived him of his rights to be free of unreasonable searches and seizures, as well as his right to be free from excessive and unreasonable force by police officers.  (*Id.* at ¶ 15.)  Calhoun's detention continued despite producing to the Doe officers a California identification card to clarify the mistaken identity.  Based upon these allegations, the Court cannot find that, as a matter of law, the allegations are insufficient to state a claim of intentionally coercive conduct under the Bane Act. *See Gant*, 772 F.3d at 624 (in a case of mistaken identity arrests and detentions, officers' insistent questioning and conduct raised a genuine issue of fact for Bane Act claim as to whether their actions constituted "intentionally coercive" interference with plaintiff's civil rights).

The City further argues Plaintiff has not stated whether he asserts the claim against the City directly or based on a theory of vicarious liability.  The City is immune from direct liability unless provided by statute.  Cal. Gov't Code § 815(a); *Hoff v. City of Vacaville*, 19 Cal.4th 925, 932 (1998).  Calhoun did not respond to this argument in his opposition.

Under California law, police officers do not have statutory immunity from liability for false arrest, and the liability of the public entity that employs the officer arises from section 815.2(a), which provides that "[a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment…."  *Asgari v. City of Los Angeles*, 15 Cal.4th 744, 752-53 n. 6 (1997), *as modified on denial of reh'g* (Mar. 17, 1997).  Calhoun alleges his claim against "Defendants" generally, and does not name any police

---

[4] Calhoun also alleges that he is an African-American male and that the "decision of Defendants to take said actions against Plaintiff was motivated in whole or in part by Plaintiff's race and the color of Plaintiff's skin."  (Complaint ¶¶ 7, 21.)  Calhoun may be confusing the requirements of a Bane Act claim under section 52.1 with a claim under California Civil Code section 51.7, the Ralph Act, which protects an individual's "right to be free from violence or intimidation because of their race, color, religion, ancestry, national origin," among other enumerated characteristics.  *See* Cal. Civ. Code §§ 51.7, 52(b); *Venegas v. Cnty. of Los Angeles*, 32 Cal. 4th 820, 841-42 (2004) (discussing differences between Bane Act and Ralph Act claims).

*United States District Court*
*Northern District of California*

officers except as "Doe" defendants.  (Complaint ¶ 3.)  He alleges that "[e]ach and every Defendant was at all relevant time [*sic*] the agents and/or employees of other Defendants and acted within the scope of said agency and/or employment."  (*Id.*)  As a consequence, the pleading is ambiguous as to whether the City is alleged to be liable vicariously or directly, or both.

To the extent the claim is alleged against the City directly, the motion to dismiss is **GRANTED WITHOUT LEAVE TO AMEND** based upon the statutory immunity in California Government Code section 815(a).  However, the motion to dismiss is **GRANTED WITH LEAVE TO AMEND** to permit Calhoun to clarify whether he alleges vicarious liability against the City based upon the actions of the "Doe" officers, and the factual basis therefor.

### C.    Third Claim for Relief For False Arrest

Under California law, the tort of false arrest or false imprisonment is "the unlawful violation of the personal liberty of another."  *Tekle v. United States*, 511 F.3d 839, 854 (9th Cir. 2007) (citing Cal. Penal Code § 236 and *Collins v. City & County of S.F.,* 50 Cal.App.3d 671 (1975)); *Moore v. City & Cnty. of San Francisco*, 5 Cal. App. 3d 728, 735 (1970) ("[f]alse arrest and false imprisonment are not separate torts").  The elements of a false imprisonment claim are: "(1) the non-consensual, intentional confinement of a person, (2) without lawful privilege, (3) for an appreciable period of time, however brief."  *Easton v. Sutter Coast Hospital,* 80 Cal.App.4th 485, 496 (2000).  A police officer acting within the scope of his or her authority will not be liable for false arrest if the officer had reasonable cause to believe the arrest was lawful at the time. *O'Toole v. Superior Court*, 140 Cal.App.4th 488, 511-512 (2006) (citing Penal Code § 847(b)). The City argues that Calhoun has not sufficiently alleged his false arrest claim because he only states that his arrest was wrongful, not that it was without reasonable cause.

Calhoun has alleged facts sufficient to state a non-consensual, intentional confinement that was without lawful privilege and for an appreciable time.[5]  (Complaint, ¶¶ 9-12.)  To the extent

---

[5] In addition, he has alleged that he had a right to be free from "unreasonable searches and seizures," and that he was deprived of that right by defendants "illegally and without authorization or warrant detaining Plaintiff, depriving him of his freedom of movement, and conducting a search of Plaintiff's person, Plaintiff's vehicle, and Plaintiff's possessions"  (Complaint ¶ 16.)

United States District Court
Northern District of California

that the City asserts that reasonable cause existed for Calhoun's confinement, such argument may

be raised as an affirmative defense.  *See Cervantez v. J. C. Penney Co.*, 24 Cal. 3d 579, 592

(1979), *overturned due to legislative action on other grounds* ("burden is on the defendant to

prove justification for the arrest"); *see also* Judicial Council of California Civil Jury Instruction

1402 (False Arrest Without Warrant—Affirmative Defense—Peace Officer—Probable Cause To

Arrest).  An allegation that the conduct was without reasonable cause, in anticipation of such a

defense, is not required for Calhoun to state his claim.

As with the claim under Civil Code section 52.1 discussed above, the City also argues that

it cannot be directly liable, but only may be vicariously liable based upon the conduct of its

employees.  As above, the Court agrees that the allegations here are ambiguous as to the basis for

the City's liability.  To the extent Calhoun seeks to hold the City directly liable, such a claim must

be dismissed without leave to amend, since it is barred by statutory immunity.  Leave to amend is

granted to permit Calhoun to allege, if possible, a basis for vicarious liability based upon the

conduct of the Doe officers.

Accordingly, the City's motion to dismiss the claim for false arrest is **GRANTED WITHOUT**

**LEAVE TO AMEND** on grounds of statutory immunity in California Government Code section

815(a).  However, the motion to dismiss is **GRANTED WITH LEAVE TO AMEND** to permit Calhoun

to clarify whether he alleges vicarious liability for false arrest against the City, based upon the

actions of the "Doe" officers, and the factual basis therefor.

**IV.    CONCLUSION**

Based upon the foregoing, the Motion to Dismiss is **GRANTED IN PART** as follows:

(1) Calhoun's claims for punitive damages against the City and for a section 1983 claim

based upon the Fifth Amendment are **DISMISSED WITHOUT LEAVE TO AMEND**;

(2) Calhoun's claims for section 1983 liability against the City based upon *Monell* are

**DISMISSED WITH LEAVE TO AMEND**;

(3) Calhoun's claim for section 1983 liability based upon a violation of the Fourteenth

Amendment is **DISMISSED WITH LEAVE TO AMEND**; and

(4) Calhoun's claims for direct liability against the City under the Bane Act and for false

arrest are **DISMISSED WITHOUT LEAVE TO AMEND** based upon governmental immunity. However, to the extent Calhoun can plead a factual basis for vicarious liability arising from the conduct of officers currently named as Does, the claims are **DISMISSED WITH LEAVE TO AMEND** to allow Calhoun to so allege.

Calhoun shall have until **October 20, 2015**, to file any amended complaint. The City shall have 21 days thereafter to file its response.

This terminates Docket No. 6.

**IT IS SO ORDERED.**

Dated: September 23, 2015

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**

United States District Court
Northern District of California